```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

EDWARD SZPONAR,                  )
                                 )
        Plaintiff,               )
                                 )
        v.                       )     C.A. No. 05-10094-DPW
                                 )
AMERICAN HOIST & CRANE,          )
                                 )
        Defendant.               )
```

MEMORANDUM AND ORDER ON APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

AND

ORDER TO SHOW CAUSE

Now before the Court is the application of the plaintiff to proceed without prepayment of filing fees in the above-captioned cases. For the reasons set forth below, the application is granted. The Court also orders that the plaintiff show cause as to why his complaint should not be dismissed.

BACKGROUND

On January 11, 2005, plaintiff Edward Szponar filed a complaint, the entirety of which reads:

> I Edward Szponar have bad health because of the type of work I have done my health is now poor I have not recived any compansation for unemployment of discrimination. I am unemployed at the time, friends sometime help me for food and sheltor. I was explosed to asbestose and other chemicals I am now going to treatment at Boston Medical Center at BMC. I am seeing [a physician] for Breathing, High Blood pressure and other things.

Compl. at 1 (spelling, syntax, and capitalization as in original). Szponar also filed an application to proceed in forma pauperis in which he represents that he has not received any

income in the past year, and that he does not own anything of value.

## DISCUSSION

I. The Applications to Proceed In Forma Pauperis

In enacting the federal in forma pauperis statute, now codified at 28 U.S.C. § 1915, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs' of litigation." Denton v. Hernandez, 504 U.S.25, 31 (1992) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948) (alteration in original)). While a litigant does not have to be "absolutely destitute to enjoy the benefit of the statute," in forma pauperis status is nonetheless reserved only for those who cannot pay the filing fee "and still be able to provide [themselves] and dependents with the necessities of life. Adkins, 335 U.S. at 339 (internal quotation marks omitted).

Here, it appears that the plaintiff does not have enough income to provide himself with the necessities of life. For this reason, the Court grants the plaintiff's application to proceed without prepayment of the filing fee.

II. Screening of the Complaints

Because Szponar has filed his complaint without prepayment of the filing fee, summonses have not issued in order to allow

the Court to review the complaint to determine whether the complaints satisfy the requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Szponar's complaint is subject to dismissal because the plaintiff has failed to state a claim upon which relief can be granted.  Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'"  Id. (quoting Gooley v. Mobil Oil

Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Szponar has not met the pleading requirements of Rule 8. He has not set forth "minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños, 367 F.3d at 68. Most importantly , the plaintiff not stated what conduct by American Hoist & Crane harmed him, when the conduct occurred, and what claims the plaintiff is asserting against the defendant. If the Court were to allow the complaint to be served as it is drafted at this time, the defendant would be unable to answer the complaint because it would not know what Szponar thinks it has done wrong.

The Court will grant Szponar thirty-five (35) days to amend his complaint or otherwise show the Court why his complaint should not be dismissed.

## CONCLUSION

ACCORDINGLY, the Court GRANTS the plaintiff's application to proceed without prepayment of the filing fee. The Court also ORDERS that, within thirty-five (35) days of the date of this order, the plaintiff show cause, by filing an amended complaint or other pleading, why his case should not be dismissed for failure to comply with Rule 8. The plaintiff's failure to comply with this requirement will result in dismissal of his lawsuit.

The Clerk shall provide the plaintiff with a step-by-step guide for filing a civil complaint.

SO ORDERED.

<u>June 10, 2005</u>                                          <u>/s/ Douglas P. Woodlock</u>
DATE                                                    DOUGLAS P. WOODLOCK
                                                        UNITED STATES DISTRICT JUDGE